```
               IN THE UNITED STATES DISTRICT COURT FOR THE
                       EASTERN DISTRICT OF OKLAHOMA

GINGER KAY MATHEWS,                )
                                   )
              Plaintiff,           )
                                   )
                                   )   Case No. CIV-21-226-RAW-KEW
                                   )
COMMISSIONER OF THE SOCIAL         )
SECURITY ADMINISTRATION,           )
                                   )
              Defendant.           )
```

**REPORT AND RECOMMENDATION**

Plaintiff Ginger Kay Mathews (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. The Claimant appeals the Commissioner's decision, asserting that the Administrative Law Judge ("ALJ") incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned Magistrate Judge that the Commissioner's decision be AFFIRMED.

**Claimant's Background**

The Claimant was fifty-seven (57) years old at the time of the ALJ's decision. She has a high school education and has completed some vocational training. She has worked in the past as a personnel clerk, licensed practical nurse, and a nurse supervisor. The Claimant alleges that her inability to work began on August 28, 2017. She claims this inability stems from restless

1

leg syndrome, chronic fatigue syndrome, osteoarthritis, depression, anxiety, a B-12 deficiency, anemia, sleep apnea, stress incontinence, low back pain, and joint pain.

## Procedural History

On August 27, 2018, the Claimant applied for disability insurance benefits under Title II (42 U.S.C. § 401, et seq.) of the Social Security Act. The Claimant's application was initially denied and was denied on reconsideration. The Claimant filed a request for a hearing, which was held on December 18, 2019, in McAlester, Oklahoma, before ALJ Doug Gabbard, II. On January 15, 2020, ALJ Gabbard entered an unfavorable decision. The Claimant requested review by the Appeals Council and the Council denied such request on June 4, 2021. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ followed the five-step sequential process that the social security regulations use to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1] At step two, the ALJ found

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment

that the Claimant had the following severe impairments: back degenerative disc disease, bilateral knee degenerative joint disease, and osteoarthritis. (Tr. 14). The ALJ also determined that the Claimant suffered from anxiety and depression, but those impairments were non severe. (Tr. 14). At step four, the ALJ determined that the Claimant had the following residual functional capacity ("RFC"):

> [T]he [C]laimant has the [RFC] to perform light work as defined in 20 CFR 404.1567(b) except with occasional climbing; unlimited balancing; frequent stooping, kneeling, crouching, and crawling; and she is also limited to frequent fine and gross manipulation bilaterally.

(Tr. 16). The ALJ asked the vocational expert ("VE") to assume "we have a hypothetical person with the same age, education and work experience as [the Claimant]" with the same RFC and then asked the VE if that person could return to any of the Claimant's past relevant work. (Tr. 64). The VE testified that this hypothetical person could return to the Claimant's past relevant work as a personnel clerk. (Tr. 64). Based off this information and other evidence, the ALJ did conclude that the Claimant could return to

---

is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

her past relevant work as a personnel clerk. (Tr. 20). The ALJ still proceeded to step five. He again consulted the VE and asked if someone who was the same age, had the same work experience, and same education, with the same RFC as the Claimant could perform other jobs in the national economy. (Tr. 65). The VE testified that this hypothetical person could be a unit clerk or companion, both of which were semi-skilled jobs. (Tr. 65). Based on this hypothetical and other evidence, the ALJ found that when considering the Claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the Claimant can perform. (Tr. 20). The ALJ particularly listed that the Claimant could perform work as a unit clerk, a companion, or office helper. (Tr. 20). Thus, the ALJ found that the Claimant had not been under a disability from July 28, 2017, through the date of the decision. (Tr. 21).

### Errors Alleged for Review

The Claimant asserts that the ALJ erred in two ways. First, that the ALJ's findings at step four were not supported by substantial evidence; and second, that the ALJ's findings at step five were contrary to the medical vocational guidelines.

### Social Security Law and Standard of Review

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment..."

4

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A).

Judicial review of the Commissioner's final determination is limited to two inquiries: first, whether the correct legal standards were applied; and second, whether the decision was supported by substantial evidence. *Noreja v. Comm'r, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "It means — and means only — 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01. The Commissioner's decision will stand, even if a court

5

might have reached a different conclusion, as long as it is supported by substantial evidence. *White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

### Step Four Findings

The Claimant asserts that her past work as a personnel clerk was not relevant because the amount of money she made fell below the substantial gainful activity monthly threshold. The Claimant therefore believes that the ALJ's determination at step four was not supported by substantial evidence. But to the extent there is any error at step four, it is harmless because the ALJ proceeded to step five and found that there was work existing in the national economy in significant numbers which Claimant could perform. *See Jones v. Berryhill*, 720 Fed. Appx. 457, 459 (10th Cir. 2017) ("We conclude that any error in the ALJ's step-four finding was harmless given the ALJ's alternative finding at step five that Jones could work as a dishwasher").

### Step Five Findings

The Claimant also takes issue with the ALJ's step five determination. The Claimant asserts that the ALJ erred as a matter of law because in his opinion he referred to the unit clerk and companion jobs as unskilled instead of semi-skilled. The Commissioner argues that any error, if present, is harmless. The Commissioner points to the fact that the VE testified that the jobs in question are semi-skilled and that the *Dictionary of*

*Occupational Titles* ("DOT") classifies them as semi-skilled. The Commissioner further argues that there is nothing to indicate this misclassification has caused the Claimant harm. The Court agrees with this assertion.

A Claimant's skills from past work are transferable to other jobs "when the skilled or semi-skilled work activities you did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work." 20 CFR § 404.1568(d)(1). The Claimant makes no argument regarding the transferability of her skills to semi-skilled work. Instead, the Claimant focuses on the ALJ mistakenly referring to the unit clerk and companion jobs as unskilled.

First, the Court notes that both the Commissioner and the Claimant rely on different portions of *Allen v. Barnhart,* 357 F.3d 1140 (10th Cir. 2004), for their respective arguments regarding harmless error. The Claimant asserts that the harmless error doctrine can only apply in "exceptional circumstances where a court may confidently say that no reasonable ALJ could have resolved the matter any other way." *Id*. at 1145. But what the Claimant fails to address is that this portion of the opinion only applied to an ALJ's failure to make a dispositive finding of fact. *Id*. When confronted with a technical error in the same case, the court stated that those errors were minor enough to be harmless. *Id*.

The Court agrees with the Commissioner that this error, if even an error, is harmless. It is unclear how the ALJ referring to the unit clerk and companion clerk jobs as unskilled instead of semi-skilled has caused her harm.[2] The vocational expert identified these jobs as semi-skilled at the hearing, which the Claimant was present for. (Tr. 65). Further these jobs are identified as semi-skilled in the DOT, and the DOT numbers were included in the ALJ's opinion. (Tr. 21). The Claimant has failed to show how the ALJ's identification of the jobs would have changed the outcome of her case. Overall, the Court agrees that the ALJ reasonably found the Claimant had transferable skills and therefore there were a significant number of jobs in the national economy that she could perform. Therefore, she is not disabled.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and

---

[2] In a footnote the Claimant also argues that even if the ALJ mistakenly referred to both jobs as unskilled rather than semiskilled, he failed to discuss how the Claimant's non-severe mild mental limitations might still impact her performance of more complex semiskilled work. The Claimant does not provide any further explanation, but the Court also disagrees with this assertion. The ALJ discussed the full paragraph b criteria and based off the evidence discussed found that her mental limitations would be mild. (Tr. 15).

Recommendation to file with the Clerk of the court any objections, with supporting brief, which is not to exceed ten (10) pages. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 27th day of February, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE